UNITED STATES DISTRICT COURT **FILED**
DISTRICT OF CONNECTICUT 2004 APR -8 P 1: 05

U.S. DISTRICT COURT
BRIDGEPORT CONN

MICHAEL GARGANO, et al,          :

      Plaintiffs,          :

v.          :          CIV. NO. 3:00cv1477 (WWE)

               :

METRO-NORTH, et al,          :

      Defendants.          :

RULING

The court conducted a telephone conference call on February 3, 2004, to discuss scheduling and to resolve a discovery dispute. At the request of the court, the parties submitted letter briefs to supplement their initial argument. After hearing from counsel and reviewing the documents submitted, the court DENIES plaintiff's discovery request.

Plaintiff requests that the defendant/third-party plaintiff, Metro-North, produce transcripts of audio taped statements of Metro-North employees Robert Prentice, Richard DeChello, and Michael DiMinno. The statements were taken by a Metro-North Claim Agent on July 23, 1999, the day after the incident at issue in this case. Metro-North has provided plaintiff with two page summaries of these statements. Metro-North asserts that the verbatim statements were prepared by the claim agent under the direction of Metro-North's Law Department in anticipation of litigation and are therefore protected from disclosure under Fed.

R. Civ. P. 26(b)(3)'s work product doctrine.

Rule 26 (b)(3) protects from discovery documents and tangible things otherwise discoverable, which are prepared in anticipation of litigation by another party's representative, unless the party seeking the discovery has a substantial need of the materials and is unable without undue hardship to obtain the equivalent by other means. See Fed. R. Civ. P. 26(b)(3). Metro-North argues that plaintiff will not suffer prejudice by non-disclosure because plaintiff has already deposed Mr. Prentice and Mr. DeChello, and is scheduled to depose Mr. DiMinno.

Plaintiff asserts that he has demonstrated substantial need for the transcripts because the statements represent one of only two contemporaneous recorded statements from Metro-North employees following the incident.[1] Plaintiff asserts that he did not attempt to take statements from the witnesses after the incident. Plaintiff argues that the oral statements contain more specific facts, events, and observations than the summaries and the handwritten statements. Plaintiff claims that his request for the transcripts is strengthened because the employees relied on the written summaries to prepare for their depositions, and took what was contained in the summaries as true. Plaintiff

---

[1]Although it is not clear from the letter brief, it is assumed that the second statements referred to are the handwritten statements which have been disclosed to the plaintiff.

argues that there is no way to know whether he would suffer prejudice from non-disclosure without actually viewing the verbatim transcripts. Secondly, plaintiff asserts that Metro-North has forfeited work product protection by providing written summaries of the statements.

Statements taken by claims agents immediately after an accident in anticipation of litigation are protected by Rule 26(b)(3). Eoppolo v. National R.R. Passenger Corp., 108 F.R.D. 292, 294 (E.D. Pa. 1985); Almaguer v. Chicago, Rock Island, and Pacific Railroad Co., 55 F.R.D. 147, 149 (D. Neb. 1972).[2] Plaintiff must therefore establish that he has substantial need for the information and cannot obtain an equivalent from another source. Plaintiff does not cite any caselaw supporting his argument that the circumstances in this case merit disclosure based upon substantial need.

On similar facts, the court in Almaguer found that the unexplained failure to interview witnesses immediately after an incident does not create substantial need. Almaguer, 55 F.R.D. at 149. The court also held that the passage of more than two years

_____

[2]The court notes that some courts have held that such statements are not taken in anticipation of litigation and are therefore not protected by Rule 26. See, e.g., Thomas Organ Co. v. Jadrandska Slobodna Plovidba, 54 F.R.d. 367, 372 (N.D. Ill. 1972). The court agrees with the position taken in Eoppolo that such statements are protected. In any case, plaintiff did not object to the defendant's classification of the statements as work product.

3

between the giving of the statements and the taking of the witness's deposition did not in itself create substantial need. Id. at 150. Rather, substantial need may exist when a witness is not available for deposition by the requesting party, or the witness cannot remember facts that he had recalled and related to the claims agent but could not recall at the time of the deposition. Id. Substantial need may also exist if there is reason to believe that there is an inconsistency between the deposition testimony given by a witness and the information contained in the earlier statements of that witness. See Hauger v. Chicago, Rock Island & Pacific Railroad Co. 216 F.2d 501, 504 (7th Cir. 1954).

Plaintiff has not established substantial need in this case. Two witnesses have already been deposed by plaintiff, and the third deposition has been scheduled. Plaintiff has had, or will have, the opportunity to question the witnesses about the events at issue and about the contents of the oral statements. Plaintiff does not argue that the witnesses made statements to the claim agent that they could not later recall at their depositions. Nor is there any evidence of inconsistency between the prior statements and the deposition testimony.

Plaintiff's argument that Metro-North forfeited work product protection by disclosing the summaries is also unavailing. The case cited by plaintiff, John Doe Co. v. U.S., 350 F. 3d 299 (2d.

4

Cir. 2003), does not support this claim.   In that case, the court

held that work product protection was not forfeited when counsel

for plaintiff sent a letter to the U.S. Attorney claiming his

client's good faith.   The court noted that:

> The unfairness courts have found which
> justified imposing involuntary forfeiture
> generally resulted from a party's advancing a
> claim to a *court or a jury* (or perhaps
> another decision maker) while relying on
> privilege to withhold from a litigation
> adversary materials that the adversary might
> need to effectively contest or impeach the
> claim.

In Re Grand Jury Proceedings John Doe v. U.S., 350 F.3d 299,302

(2d. Cir. 2003), aff'd sub nom. John Doe Co., 350 F. 3d 299

(emphasis added). At this point in the litigation, no such

presentation has been made, and plaintiff has not advanced any

other arguments in support of finding a voluntary forfeiture.

For the reasons discussed above, the court DENIES plaintiff's

request for production of the oral statements.


     This is not a recommended ruling.   This is a discovery

ruling which is reviewable pursuant to the "clearly erroneous"

statutory standard of review.   28 U.S.C. § 636 (b)(1)(A); Fed. R.

Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for

United States Magistrate Judges.   As such, it is an order of the

Court unless reversed or modified by the district judge upon

motion timely made.

SO ORDERED at Bridgeport this _31_ day of March 2004.

_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

6