FILED

2004 MAY -6  P 12: 11

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------- :
MICHAEL GARGANO AND ANDREA       : CIVIL ACTION NO. 3:00cv1477(WWE)
GARGANO,                         :
                                 :
     PLAINTIFFS,                 :
                                 :
V.                               :
                                 :
METRO-NORTH COMMUTER             :
RAILROAD COMPANY,                :
     DEFENDANTS/                 :
     THIRD-PARTY PLAINTIFFS,     :
                                 :
V.                               :
                                 :
DUCCI ELECTRICAL CONTRACTORS,    :
INC.,                            :
                                 :
     THIRD-PARTY DEFENDANT.      :
-------------------------------. MAY 4, 2004

### MEMORANDUM OF LAW IN SUPPORT OF
### PLAINTIFFS' MOTION TO PRECLUDE

The defendant should be precluded at trial from offering or making reference to "any document purporting to alter, amend, modify and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions labeled 'Employees Assigned to protection Duties' (set forth at pages 20-21 of MN-290) with respect to employees of Ducci Electrical Contractors, Inc.

- 1 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999."

## I.  BACKGROUND.

In their Third Amended Complaint dated August 18, 2003, the plaintiffs allege that plaintiff Michael Gargano was working for Ducci Electrical Contractors on July 22, 1999 performing certain electrical subcontracting services on portions of a railroad electrification system located in New Haven, Connecticut as part of a railroad reconfiguration project known as the New Haven Interlocking Reconfiguration Project.  On that date shortly after 3:30 p.m., while Michael Gargano was working in the basket of a "manlift" vehicle set upon Track 4 in the vicinity of Catenary Structure 1098, a portion of the railroad electrification system became energized, thereby shocking Michael Gargano with approximately 13,000 volts of electricity. Thereafter, that portion of the railroad electrification system was de-energized.  Seconds later, the railroad electrification system was re-energized, thereby shocking Michael Gargano for a second time with approximately 13,000 volts of electricity.

- 2 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\17500-17999\17539 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

This second electrification ignited Michael Gargano's clothing and rendered him temporarily unconscious.

The plaintiffs claim that, as a result of the negligence of the defendant's employees, Michael Gargano received serious burn injuries, endured at least ten surgical procedures, lost substantial lost wages, incurred more than $500,000 in medical expenses and sustained permanent physical scarring and disfigurement. The plaintiffs also claim that Andrea Gargano, Michael's wife, lost the services and companionship of her husband for a period of time. The defendant has denied the plaintiffs' claims and filed a third party complaint against Ducci.

## II. THE ALLEGATIONS OF NEGLIGENCE.

The plaintiffs allege a series of negligent acts and omissions on the part of the defendant's employees on July 22, 1999, each of which is a proximate cause of the plaintiffs' injuries and losses. For purposes of the plaintiffs' Motion to Preclude, the relevant claims are those pertaining to the failure of certain of the defendant's employees to perform specified protection and observation duties in violation of the

- 3 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

defendant's written regulations and procedures – specifically those set forth at pages 20-21 of a Metro-North publication known as MN-290.[1]

### III. The MN-290.

With respect to the issues surrounding this Motion to Preclude, the relevant conduct is that of certain Metro-North employees known as "Class A Linemen." The duties and responsibilities of Class A Linemen are detailed in a Metro-North publication known as "MN-290, Electrical Operating Instructions." The duties and responsibilities of Class A Linemen at issue are those detailed at pages 20-21 of MN-290 in the section labeled "Employees Assigned to Protection Duties." The plaintiffs claim that these duties and responsibilities applied to the Class A Linemen that were assigned to Michael Gargano and Ducci on July 22, 1999, and that those Class A Linemen were negligent in failing to comply with those duties and responsibilities as outlined in MN-290.

---

[1] See **Exhibit A** (MN-290).

- 4 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

In their respective depositions, the defendant's employees have contended repeatedly that pages 20 and 21 of MN-290 did not apply, for some reason, to Michael Gargano and Ducci on July 22, 1999, and that some Metro-North document confirms their contention that pages 20 and 21 of MN-290 did not apply to Michael Gargano and Ducci on July 22, 1999.[2]

The plaintiffs have requested from the defendant the identity of all documents claimed by the defendant "to alter, amend, modify and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions labeled 'Employees Assigned to protection Duties' (set forth at pages 20-21 of MN-290) with respect to employees of Ducci Electrical Contractors, Inc. working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999." In fact, on July 7, 2003, the plaintiffs served upon the defendant a Third Set of Interrogatories and Fourth Set of Requests for Production

---

[2] See, e.g., **Exhibit B** (selected portions of deposition of Robert Prentice, Jr.) and **Exhibit C** (selected portions of deposition of Richard DeChello).

specifically seeking this information.³  To date, the defendant has neither objected nor responded to these written discovery requests, and no document purporting to alter, amend, modify and/or supplement the pertinent section of MN-290 has surfaced – notwithstanding the fact that the defendant's counsel has suggested repeatedly, and continues to suggest, that such a document exists.⁴

## IV. LAW AND ARGUMENT.

### A. *Legal standard.*

Rule 37 of the Federal Rules of Civil Procedure sets forth the procedures for enforcing discovery and sanctioning misconduct. See Fed. R. Civ. P. 37.  Indeed, if a party fails "to serve answers or objections to interrogatories submitted under Rule 33 … [or] to serve a written response to a request for inspection submitted under Rule 34," the party seeking discovery may move directly for the imposition of sanctions

---

³ See **Exhibit D** (Plaintiffs' Third Set of Interrogatories and Fourth Set of Requests for Production, dated 7/7/03).

⁴ See **Exhibit E** (statements of counsel at the deposition of Richard DeChello, 4/15/04).

under Rule 37(d). See Fed. R. Civ. P. 37(d); <u>J.M. Cleminshaw Co. v. City of Norwich</u>, 93 F.R.D. 338, 345 n. 2 (D. Conn. 1981).

Numerous factors are relevant to a district court's exercise of its broad discretion to order relief under Rule 37, including: (1) the willfulness of the non-compliant party or the reason for the non-compliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of non-compliance; and (5) whether the non-compliant party has been warned of the consequences of his non-compliance. <u>Bambu Sales, Inc. v. Ozak Trading, Inc.</u>, 58 F.3d 849, 852-854 (2d. Cir. 1995). Relief under Rule 37 should effectuate its three purposes: (1) ensuring that the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general deterrent in the particular case and in litigation in general. <u>National Hockey League v. Metropolitan Hockey Club, Inc.</u>, 427 U.S. 639, 643 (1976); <u>Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1066 (2d. Cir. 1979). In determining whether, and to what extent, relief is appropriate, the court may consider the full record in the case.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17600-17899\17839 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

<u>Diapulse Corp. of America v. Curtis Pub. Co.</u>, 374 F.2d 442 (2d. Cir. 1967).

In considering the aforementioned factors, a court has broad discretion to impose appropriate relief under Rule 37(d), including an order: (A) designating certain facts to be taken as established; (B) <u>refusing the disobedient party from introducing evidence or claims</u>; and (C) striking pleadings, staying the litigation until the obligation is satisfied, dismissing the action, or of default. <u>See</u> Fed. R. Civ. P. 37(d); <u>J.M. Cleminshaw Co.</u>, 93 F.R.D. at 343. Courts have construed the sanctions of striking pleadings and dismissal as the most extreme sanctions. <u>See</u> <u>National Hockey League</u>, 427 U.S. at 643. On the other hand, "a court order precluding a party from introducing in evidence material that it did not divulge in discovery has been recognized as an effective method of encouraging compliance with discovery." <u>Surg-O-Flex of America, Inc. v. Bergen Brunswig Co.</u>, 76 F.R.D. 654, 655 (D. Conn. 1977).

**B.    *A preclusion order is the appropriate form of relief*.**

For several reasons, it is appropriate for this court to preclude the defendant at trial from "offering or making

- 8 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

reference to any document purporting to alter, amend, modify, and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions with respect to employees of the Ducci Electrical Contractors, Inc., working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999." First, the defendant has not offered any reason for failing to comply with the plaintiffs' July 7, 2003 written discovery requests, both of which specifically request this information. Indeed, the defendant has neither objected nor responded to those interrogatories, and no document has surfaced in response to them despite the fact that defendant's counsel has suggested, and continues to suggest, that such a document exists.

Second, the defendant's refusal to identify and supply the requested document is self-serving and has prejudiced the plaintiffs in the preparation of their case. Indeed, a central issue in this case is whether or not the defendant's Class A Linemen breached certain duties and responsibilities owed to Michael Gargano and Ducci employees. The plaintiffs have discovered and relied upon the defendant's MN-290 as a primary

source of the duties and responsibilities of Class A Linemen on July 22, 1999. Therefore, the document sought by the plaintiffs, which the defendant's employees have suggested amends or alters such duties, is of vital importance to the plaintiffs in prosecuting this action. Furthermore, if the document had been identified and supplied as requested, it may have lead to the discovery of other evidence relevant to the issues in this case. Without this document, or any certain knowledge of whether it actually exists, the plaintiffs have been unable to commit to certain facts, issues and strategies in preparing their case.

Third, any lesser relief than preclusion would not remedy the prejudice caused to the plaintiffs. For nearly one and one half years, the defendant's employees (some of whom are now former employees) have suggested, and continue to suggest, that the aforementioned document exists. The defendant has failed nonetheless to either identify or produce it. Therefore, there is uncertainty as to whether or not it even exists. At this point, fact discovery is closed and a jury trial is scheduled for October 2004. To allow the defendant at trial to introduce

- 10 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL (BURN CASE)\MOTION TO PRECLUDE 5-4-04.DOC

evidence of this document would effectively "sandbag" the plaintiffs. Even if the document was produced at this time, there would be insufficient time for the plaintiffs to change their litigation strategy and re-prepare their case. Also, it would require the plaintiffs to re-depose *at least* three witnesses and force the plaintiffs to incur additional expenses that could have been avoided if the defendant had properly produced the document as requested previously.

In addition, any lesser relief than preclusion would not serve the greater deterrent purposes underlying Rule 37. The United States Supreme Court has stated that "the most severe in the spectrum of sanctions […] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). The Court has recognized that sanctions are necessary to "curb the widespread abuse of discovery that is a prime cause of delay and expense in civil litigation." ACF Industries, Inc., v. Equal Employment

Opportunity Commission, 439 U.S. 1081, 1085-1086 (1979) (Powell, J., dissenting). If the court were to allow the defendant to introduce evidence of this document at trial, it would not deter but, instead, would encourage abuses of the discovery process. In this case, by failing to produce the requested document the defendant has gained an advantage over the plaintiffs in preparing its case. Indeed, it can be inferred that the defendant knows for certain whether or not this document actually exists. The plaintiffs, on the other hand, have been left in "limbo" and, as a result, have been unable to select a firm litigation strategy in anticipation of trial. Thus, if the court were to allow the defendant to use this document as evidence at trial, it will encourage future litigants to similarly withhold the production of documents in order to gain an advantage over an opponent.

In sum, the defendant has had more than three years to produce the requested document, but has failed to do so despite repeated requests. At this point, it would be unduly prejudicial to the plaintiffs if the defendant was allowed to introduce evidence of this document at trial. In addition, even

if the defendant produced the document immediately, it would not sufficiently remedy the prejudice caused to the plaintiffs nor serve the general deterrent purposes of Rule 37.

## V.   CONCLUSION.

For all the foregoing reasons, the plaintiffs respectfully requests that their <u>Motion to Preclude</u> be granted, and that the court issue an order "precluding the defendant from offering or making reference to any document purporting to alter, amend, modify, and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions with respect to employees of the Ducci Electrical Contractors, Inc., working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999."

Respectfully submitted,

THE PLAINTIFFS,

BY: _____
STEVEN J. ERRANTE, ESQ.
Fed. Bar. No. ct 04292
ERIC P. SMITH, ESQ.
Fed. Bar No. ct16141
203-787-0275
203-782-0278 (*facsimile*)

CERTIFICATION

I certify that a copy of the above was mailed on May 4, 2004 to all counsel and *pro se* parties of record as follows:

Sean Kane, Esq.
Landman, Corsi, Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, NY 10271-0079
(212-238-4800)
(*Counsel to Defendants*)

Joseph A. LaBella, Esq.
D'Attelo & Shields
500 Enterprise Drive, Suite #4B
Rocky Hill, CT 06067
(860) 571-7999
(*Counsel to Defendants*)

Brian J. Farrell, Jr., Esq.
Law Offices of Brian J. Farrell, Jr.
200 Glastonbury Blvd., Suite 301
Glastonbury, CT 06033
(860-633-4797)
(*Counsel to Defendant*)

Genovese, Vehslage & LaRose
500 Enterprise Drive
Rocky Hill, CT 06067
(860) 513-3760
(*Counsel to Intervening Plaintiff Ducci Electrical Contractors*)

David J. Crotta, Jr., Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511
(203) 624-5111
(*Counsel to Third-Party Defendant Ducci Electrical Contractors*)

_____
Eric P. Smith, Esq.