UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

------------------------------------------------------------------X
MICHAEL GARGANO and ANDREA GARGANO,

      Plaintiffs

  - against -

METRO-NORTH COMMUTER RAILROAD          Civil Action No.:
COMPANY,                                                 3:00 CV 1477 (WWE) (HBF)

      Defendant/Third-Party Plaintiff,

  - against -

DUCCI ELECTRICAL CONTRACTORS, INC.,

      Third-Party Defendant.                   May 27, 2004
------------------------------------------------------------------X

**DEFENDANT'S/ THIRD-PARTY PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFF'S MOTION AND THIRD-PARTY
DEFENDANT'S CROSS MOTION TO PRECLUDE**

**PRELIMINARY STATEMENT**

Defendant/third-party plaintiff Metro-North Commuter Railroad Company ("Metro-North") respectfully submits this Memorandum of Law in opposition to plaintiff's Motion, and third-part defendant's Cross Motion, for an Order precluding Metro-North "at trial from offering or making reference to any document purporting to alter, amend, modify and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions, with respect to employees of Ducci Electrical Contractors, Inc. working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999."

370182.1 DocsNY

Metro-North respectfully submits that plaintiff's motion and third-party defendant's cross motion should be denied because: (i) Metro-North has already provided over 500 pages of documents responsive to plaintiffs' demands; (ii) production of an additional document or documents more than five months before the scheduled date for jury selection on November 9, 2004 would not substantially prejudice the plaintiff or third-party defendant; or (ii) in the alternative Metro-North moves the Court to re-open fact discovery for the limited purposes of disclosing said document or documents and producing a witness or witnesses for deposition which would render the motion moot.

Consequently, this Court should deny plaintiffs' motion and third-party defendant's cross motion.

## BACKGROUND

This action involves injuries allegedly sustained by plaintiff, a then 36 year-old electrician for Ducci Electrical Contractors Inc. ("Ducci"), while working from a manlift on Track 4 east of the New Haven Station in New Haven, CT on July 22, 1999 at approximately 3:33 p.m. when he came into contact with the energized overhead catenary wire. Plaintiff was working on the New Haven Interlocking Reconfiguration Project ("Project").

To date defendant/third-party plaintiff Metro-North has responded to two sets of plaintiff's interrogatories, totaling almost 150 requests propounded by plaintiff, and four sets of request for production, disclosing to plaintiff's counsel and third-party defendant's counsel over 500 pages of responsive documents. In addition, Metro-North has provided responses to third-party defendant's First, Second and Third Sets of Interrogatories and Requests for Production. These documents include materials relevant to Metro-North's MN-290 Electrical Operating Instructions, with respect to employees of Ducci Electrical Contractors, Inc. working on the New

Haven Interlocking Reconstruction Project as of and including July 22, 1999 and any effort by plaintiffs to preclude the use of these documents should be denied. Moreover, Metro-North has produced five witnesses, including three former, now retired, non-party witnesses. Further, several of the witnesses have been produced on multiple occasions. These witnesses have included Metro-North's Director of Power, located in its corporate headquarters in New York, New York as well as two Class "A" Lineman and a Conductor/Flagman assigned to the Project. In sum, Metro-North has made a good faith effort to comply, in accordance with the Federal Rules of Procedure, to the discovery demands of plaintiff and third-party defendant.

## ARGUMENT

### POINT I

### METRO-NORTH SHOULD NOT BE PRECLUDED FROM OFFERING EVIDENCE AT TRIAL RELATIVE TO THE MODIFICATION OF ITS PROTECTION PROCEDURES AT THE NEW HAVEN PROJECT

The imposition of sanctions under Rule 37 as determined by the 2nd Circuit's reading of the rule's plain language limits its applicability to situations where there is a "clearly articulated order of the court requiring specified discovery. " See Jones v. Uris Sales Corp., 373 F.2d 644, 647-648 (2d Cir. 1967). Further, it is well settled that preclusion of evidence under Rule 37 is a "drastic remedy" and that the courts will resort to preclusion only "in those rare cases where a party's conduct represents *flagrant bad faith and callous disregard* of the Federal Rules of Civil Procedure." (*emphasis added*) See Grdinich v. Bradlees, 187 F.R.D 77, 79 (S.D.N.Y 1999), *quoting* Hinton v. Patnaude, 162 F.R.D. 435, 439 (N.D.N.Y. 1995).

Plaintiffs' and third-party defendant's argument that the production of the alleged document or documents by Metro-North at this phase of litigation would be substantially and unfairly prejudicial is misplaced. First, plaintiffs' claim that Metro-North's "refusal to identify

and supply the requested document is self-serving" is factually inaccurate. (See Plaintiffs' Memorandum of Law at p. 9). This office has made a good faith effort on multiple occasions to ascertain and verify the existence of the alleged document. Moreover, following the most recent depositions of Metro-North witnesses DeChello and DiMinno on April 15, 2004, counsel for both plaintiffs and third-party defendant were advised that a further search was being conducted to include Metro-North's archives. Most importantly to note is that the successful identification and production of this alleged document would substantially benefit Metro-North's contentions in this matter. Therefore, plaintiff's claim that Metro-North is withholding the document to "sandbag" plaintiffs is not only absolutely false but also professionally insulting.(Id. at 11). In the case at bar, plaintiffs' have not sought to compel the production of the outstanding discovery by motion to compel but now seek to preclude it. Therefore, any claim that Metro-North is in non-compliance is unfounded as there is not presently a "clearly articulated order of the court requiring specified discovery." See Jones v. Uris Sales Corp., supra at 647-648.

Secondly, plaintiffs' argument that such production will handicap their preparation of this case for trial and would provide "insufficient time for plaintiffs to change their litigation strategy" is both exaggerated and premature as jury selection, which has only been recently scheduled to begin on November 9, 2004, is more than five months away (Id.). Moreover, plaintiffs and third-party defendant have already deposed both Metro-North Class "A" Lineman, Messers. Prentice and DeChello, who were working on the date of the incident and have solicited testimony that a document, quite possibly a "bulletin", may have existed allowing qualified Ducci employees to work in and around overhead catenary wire. (See April 15, 2004 Deposition testimony of Richard Dechello at Plaintiff's Ex. C, pp. 219-220). Such testimony

hardly lends itself to support plaintiffs' claim of surprise and an inability to adequately prepare its case if the alleged document were to being subsequently produced before trial.

## POINT II

### IN THE ALTERNATIVE, METRO-NORTH REQUESTS AN ADDITIONAL SIXTY DAYS TO RESPOND TO PLAINTIFF'S DEMAND FOR PRODUCTION AND TO RE-OPEN FACT DISCOVERY FOR THE LIMITED PURPOSE OF <u>IDENTIFYING THE DOCUMENTS IN DEPOSITION</u>

In the alternative, Metro-North requests an Order granting it an additional sixty days to continue its search and provide a response to plaintiffs' demands. Further, if such a document or documents is produced, Metro-North would request that this Court re-open fact discovery for the limited purpose of producing a Metro-North witness to verify the validity of the document. Metro-North previously identified on July 24, 2003, Metro-North Manager Training/Procedures Power Department in Response to Third-party Defendant's Third Set of Interrogatories and Request for Production.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion and third-party defendant's cross motion should be denied.

                                              DEFENDANT/THIRD-PARTY PLAINTIFF
                                              METRO-NORTH COMMUTER RAILROAD
                                              COMPANY

BY: _____
                   Sean M. Kane (CT 24832)
                   Attorneys for Defendant/Third-Party
                   Plaintiff Metro-North
                   120 Broadway, 27th Floor
                   New York, NY 10271
                   (212) 238-4800

                   Joseph A. LaBella, Esq. (CT 01403)
                   D'Attelo & Shields
                   500 Enterprise Drive
                   Rocky Hill, CT 06067
                   (860) 571-7999

## CERTIFICATION

I hereby certify that a copy of the foregoing Defendant's/Third-Party Plaintiff's Memorandum of Law in Opposition to Plaintiff's Motion and Third-Party Defendant's Cross Motion to Preclude was sent by U.S. mail on May 27, 2004 to counsel of record as follows:

Steven J. Errante, Esq.
Eric P. Smith, Esq.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
New Haven, CT 06506

David J. Crotta, Jr., Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511

Jack V. Genovese, II, Esq.
David D. Chapman, Esq.
Lori Durocher, Esq.
Genovese, Vehslage & Larose
500 Enterprise Drive
Rocky Hill, CT 06067

Brian J. Farrell, Jr., Esq.
Law Offices of Brian J. Farrell, Jr.
200 Glastonbury Blvd.
Glastonbury, CT 06033

Sean M. Kane