UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------:
MICHAEL GARGANO AND ANDREA      : CIVIL ACTION NO. 3:00cv1477(EBB)
GARGANO,                        :
                                :
      PLAINTIFFS,               :
                                :
V.                              :
                                :
METRO-NORTH COMMUTER            :
RAILROAD COMPANY,               :
                                :
      DEFENDANTS/               :
      THIRD-PARTY PLAINTIFFS,   :
                                :
V.                              :
                                :
DUCCI ELECTRICAL CONTRACTORS,   :
INC.,                           :
                                :
      THIRD-PARTY DEFENDANT.    :
-------------------------------. JUNE 7, 2004
```

**PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO
MOTION TO PRECLUDE**

In accordance with Local Rule 7(d), the plaintiffs reply to Defendant Metro-North's Memorandum of Law dated May 27, 2004.

**ORAL ARGUMENT IS REQUESTED**

- 1 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\IBEEBE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK19\REPLY - MOTION TO PRECLUDE 6-7-04.DOC

**The defendant's failure to identify and disclose a critical document is highly prejudicial and requires preclusion.**

The defendant's Memorandum of Law is not persuasive. First, the defendant suggests that because it has "already provided over 500 pages of documents responsive to plaintiffs' demands," its failure to identify and disclose what could be the most critical document in the case should be overlooked. Clearly, the defendant's willingness to comply with the mandates of the Federal Rules of Civil Procedure on some occasions hardly justifies its failure to comply on others.[1] Even so, the defendant's failure - for more than a year and a half - to explain its non-compliance beyond "a further search was being conducted to include Metro-North's archives" is plainly unacceptable.

Second, because multiple Metro-North Class A Linemen have testified concerning the existence of a document which, in their

---

[1] It should be noted that the plaintiffs have never suggested, and are not suggesting now, that the defendant's attorneys are acting unprofessionally. (See Def.'s Mem. of Law at 4 ("plaintiffs' claim … is … also professionally insulting.")  Nor are the plaintiffs suggesting that the defendant has supplied this critical document to it counsel.  If it did, the plaintiffs are confident that the defendant's counsel would have disclosed it.

- 2 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\IBEEBE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK19\REPLY - MOTION TO PRECLUDE 6-7-04.DOC

view, altered their otherwise clearly mandated duties under MN-290 as of July 22, 1999, and Metro-North has never identified or produced any such document notwithstanding specific requests by the plaintiffs, the plaintiffs have proceeded under the <u>critical</u> assumption that either no document altering the protection duties of Class A Linemen under MN-290 existed - at least prior to Michael Gargano's incident on July 22, 1999, or these Class A Linemen have grossly and erroneously misconstrued some Metro North document, which led to their failure to provide proper Class A protection to Michael Gargano on July 22, 1999.

Obviously, if there is a document that purports to alter the protection duties of Class A Linemen with respect to Ducci employees as of July 22, 1999, it would be critical to the plaintiffs' liability claims.  If such a document appears at this late juncture, the plaintiffs will be forced to (1) re-depose multiple witnesses, (2) incur additional deposition expenses, (3) incur additional fees from their liability expert, and (4) revisit their trial strategy altogether.  This would be grossly unfair to the plaintiffs as they prepare to proceed to trial in a case that was filed in 2000.

- 3 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\IBEEBE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK19\REPLY - MOTION TO PRECLUDE 6-7-04.DOC

The plaintiffs respectfully requests that their <u>Motion to Preclude</u> be granted, and that the court issue an order "precluding the defendant from offering or making reference to any document purporting to alter, amend, modify, and/or supplement that portion of the defendant's MN-290 Electrical Operating Instructions with respect to employees of the Ducci Electrical Contractors, Inc., working on the New Haven Interlocking Reconstruction Project as of and including July 22, 1999."

                                      Respectfully submitted,

                                      THE PLAINTIFFS,

                                      BY:_____
                                        STEVEN J. ERRANTE, ESQ.
                                        Fed. Bar. No. ct 04292
                                        ERIC P. SMITH, ESQ.
                                        Fed. Bar No. ct16141
                                        203-787-0275
                                        203-782-0278 (*facsimile*)

- 4 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\IBEEBE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK19\REPLY - MOTION TO PRECLUDE 6-7-04.DOC

## CERTIFICATION

    I certify that a copy of the above was mailed on June 7, 2004 to all counsel and *pro se* parties of record as follows:

Sean Kane, Esq.
Landman, Corsi, Ballaine & Ford, P.C.
120 Broadway, 27th Floor
New York, NY 10271-0079
(212-238-4800)
(*Counsel to Defendants*)

Joseph A. LaBella, Esq.
D'Attelo & Shields
500 Enterprise Drive, Suite #4B
Rocky Hill, CT 06067
(860) 571-7999
(*Counsel to Defendants*)

Brian J. Farrell, Jr., Esq.
Law Offices of Brian J. Farrell, Jr.
200 Glastonbury Blvd., Suite 301
Glastonbury, CT 06033
(860-633-4797)
(*Counsel to Defendant*)

Genovese, Vehslage & LaRose
500 Enterprise Drive
Rocky Hill, CT 06067
(860) 513-3760
(*Counsel to Intervening Plaintiff Ducci Electrical Contractors*)

David J. Crotta, Jr., Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511
(203) 624-5111
(*Counsel to Third-Party Defendant Ducci Electrical Contractors*)

                                           _____
                                           Eric P. Smith, Esq.

- 5 -
LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

C:\DOCUMENTS AND SETTINGS\IBEEBE\LOCAL SETTINGS\TEMPORARY INTERNET FILES\OLK19\REPLY - MOTION TO PRECLUDE 6-7-04.DOC