UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL GARGANO                         CIVIL ACTION NO.: 3:00 CV 1477(EBB)

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY,
     Third Party Plaintiffs,
VS.

RAYTHEON INFRASTRUCTURE and DUCCI
ELECTRICAL CONTRACTORS, INC.

     Third Party Defendant,                SEPTEMBER 17, 2004

**THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed.R.Civ.P. 56 (b) and Local Rule 56 (a), the third party defendant, Ducci Electrical Contractors, Inc. ("Ducci"), hereby moves for summary judgment in its favor, for the

**ORAL ARGUMENT REQUESTED**

**TESTIMONY NOT REQUIRED**

reason that there exists no genuine issue of material fact that: 1) Ducci's contract with the Connecticut Department of Transportation ("CDOT") does not require it to defend, indemnify or hold harmless the third party plaintiff, Metro-North Commuter Railroad Company; 2) Ducci procured all liability insurance required under its contract with CDOT; 3) the exclusivity provision of the Workers' Compensation Act, Connecticut General Statutes § 31-284 (a), precludes Metro-North from asserting claims against Ducci for negligence and contribution; and 4) even if the exclusivity provision does not apply, Ducci cannot be said to have acted negligently. Therefore, Ducci is entitled to judgment as a matter of law.

In support of its Motion for Summary Judgment, the Defendant submits the following:

1. Memorandum of Law in Support;

2. Local Rule 56 (a) (1) Statement;

3. Exhibits

    Ex. A      Deposition Transcript of Michael Gargano

    Ex. B      Contract Between Ducci and CDOT, dated March 31, 1997

    Ex. C      Ducci's Request for Admissions, dated October 16, 2001

    Ex. D      Metro-North's Response to Ducci's Request for Admissions

    Ex. E      Affidavit of Robert Phelan

    Ex. F      Letter from John Donovan to Steve Claar, dated August 4, 1997

| | |
|---|---|
| Ex. G | Letter from John Donovan to Steve Claar, dated August 5, 1997 |
| Ex. H | Letter from David Jacobs to Steve Claar, dated October 10, 1997 |
| Ex. I | Certificate of Insurance |
| Ex. J | Letter from Robert Phelan to George Brescia, dated November 17, 1997 |
| Ex. K | MN-290 |
| Ex. L | Ducci Grounding Procedure |
| Ex. M | Deposition Transcript of Richard DeChello |
| Ex. N | OSHA Inspection Report |
| Ex. O | Metro-North's Responses to Ducci's Second Set of Interrogatories |

Wherefore, the third party defendant moves that the Court enter summary judgment in its favor because there are no genuine issues as to any material fact, and the third party defendant is entitled to judgment as a matter of law.

The third party defendant, Ducci Electrical Contractors, Inc., requests oral argument.

THE THIRD PARTY DEFENDANT,
DUCCI ELECTRICAL CONTRACTORS, INC.

BY: _____
DAVID J. CROTTA, JR.
MULVEY, OLIVER, GOULD & CROTTA
83 TRUMBULL STREET
NEW HAVEN, CT 06511
TEL: (203) 624-5111
FED. BAR NO.: 03235

### CERTIFICATION

I hereby certify that a copy of the foregoing was mailed, postage prepaid, on the 17th day of September, 2004, to all counsel and pro se parties of record as follows:

Eric P. Smith, Esq.
Louis M. Rubano, Esq.
Steven J. Errante, Esq.
Lynch, Traub, Keefe & Errante
52 Trumbull Street
P. O. Box 1612
New Haven, CT 06506

David D. Chapman, Esq.
Gregory J. Curtin, Esq.
Jack V. Genovese, II, Esq.
Lori L. Durocher, Esq.
Genovese, Vehslage & LaRose
500 Enterprise Drive
Rocky Hill, CT 06067-4053

William W. Cobb, Esq.
Brian M. Molinari, Esq.
Ronald E. Joseph, Esq.
Sean M. Kane, Esq.
Landman, Corsi, Ballaine & Ford
120 Broadway, 27th floor
New York, NY 10271-0079

Brian J. Farrell, Jr., Esq.
Law Offices of George J. DuBorg
200 Glastonbury Blvd.
Suite 301
Glastonbury, CT 06033

James F. Shields, Esq.
Joseph A. Labella, Esq.
Attorney Laureen J. Vitale
Sean C. Joanis, Esq.
D'Attelo & Shields
500 Enterprise Drive, Suite 4B
Rocky Hill, CT 06067

_____
DAVID J. CROTTA, JR.

NDA G:\www\Fireman's Fund\006700\Ducci v. Gargano\DJC\87\Pleadings\Summary Judgment\motion for summary judgment 9-17-04.wpd