UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL GARGANO            CIVIL ACTION NO.: 3:00 CV 1477(EBB)

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY,
        Third Party Plaintiffs,

VS.

RAYTHEON INFRASTRUCTURE and DUCCI
ELECTRICAL CONTRACTORS, INC.

        Third Party Defendant,            SEPTEMBER 17, 2004

**DEFENDANT'S LOCAL RULE 56 (a)(1) STATEMENT**

The third-party defendant submits herewith the following statement of each material fact as to which there is no genuine issue to be tried:

1.      On July 22, 1999, Michael Gargano was injured while making modifications to the catenary system serving Union Station, New Haven, as part of the New Haven Interlocking

Reconfiguration Project. (Ex. A, Gargano Dep. Tr. at 122-126)

2. At the time of his injuries, Mr. Gargano was a state licensed E-1 union electrician in the employ of third-party defendant, Ducci Electrical Contractors, Inc. ("Ducci") (Ex. A, Gargano Dep. Tr. at 37- 40), working at a crossover of two de-energized electrical lines, serving both tracks 2 and 4. (Ex. A, Gargano Dep. Tr. at 98-100, 110)

3. Sometime between 3:00 p.m. and 3:15 p.m. on July 22, 1999, Ducci's foreman, Phil Morse ("Morse"), informed Gargano that electrical service to track 2 would soon be restored (Ex. A, Gargano Dep. Tr. at 107), requiring Gargano to move to the still-de-energized track 4 side of the crossover. (Ex. A, Gargano Dep. Tr. at 109-110)

4. While working on the track 4 side of the crossover, however, Gargano was struck twice by 13,000 volts of electric current. (Ex. A, Gargano Dep. Tr. at 122-127)

5. At the time of Gargano's injuries, Ducci Electrical Contractors, Inc. ("Ducci") was under contract with the Connecticut Department of Transportation ("CDOT") to replace the catenary system between structures 1045 & 73-16 (AM) at Union Station, New Haven, Connecticut ("contract"). (Ex. B, Contract between Ducci and CDOT, dated March 31, 1997 at 1. Ex. C, Ducci's Request for Admissions, dated October 16, 2001, Request No. 10; Ex. D, Metro-North's Response to Ducci's Request for Admissions, Response No. 10)

6.  Under the initial terms of the Special Provision for Article 1.03.07 of the contract, Ducci was obligated to procure Public Liability and Railroad Protective Liability Insurance covering its operations. (Ex. B, Contract between Ducci and CDOT, dated March 31, 1997, Special Provisions, Article 1.03.07 at 21-23)

7.  Ducci procured the required Public Liability and Railroad Protective Liability insurance under the original contract. (Ex. E, Phelan Aff. ¶¶ 3-5)

8.  However, on August 4, 2004, John Donovan, Project Manager for CDOT, sent a letter to Ducci's Project Superintendent (Steve Claar) informing him that the Special Provision for Article 1.03.07 of the original contract was incorrect, and attaching the "corrected" version of the Special Provision. (Ex. F, Donovan Letter, dated August 4, 1997)

9.  The contractual provision as corrected deleted the requirement that Ducci procure and maintain public liability insurance, and in place of that provision inserted a clause requiring that Ducci procure "General Liability Insurance" in the amount of $25 million, with Metro-North as a named insured. (Ex. F, Donovan Letter, dated August 4, 1997)

10. In fact, the corrected Special Provision for Article 1.03.07 simply required:

General Liability Insurance

-3-

> A policy issued to and covering liability imposed upon the contractor with respect to all work to be performed and all obligations assumed by the Contract or under the terms of this Contract. Products, completed operations, independent Contractors, and contractual liability coverages are to be included and all railroad exclusions are to be deleted.
>
> AMTRAK, CDOT, Metro-North, Conrail, Providence and Worcester are to be named as additional insureds either with respect to operations to be performed . . . Coverage under this policy, or policies, shall have limits of liability of not less than $25 million per occurrence, combined single limit for bodily injury, (including disease or death), personal injury and property damage (including loss of use) liability. . . .

(Ex. F, Donovan Letter, dated August 4, 1997)

11.     The August 4, 1997 Donovan letter, also modified the insurance provisions of the contract with respect to Ducci's obligations to maintain railroad protective liability insurance. Under the insurance provisions as thus modified, AMTRAK, rather than Ducci, was obligated to maintain such insurance in the amount of $10 million dollars, with Metro-North as an additional insured. (Ex. F, Donovan Letter, dated August 4, 1997)

12.     Specifically, the corrected Special Provision for Article 1.03.07 provided:

> With respect to all work performed by the Contractor, Metro-North or the Department, AMTRAK has procured or will maintain during the entire period of the work the

following insurance:

> (a) Railroad Protective Liability, ISO/RIMA Form, in the name of the National Railroad Passenger Corporation (AMTRAK), Metro-North Commuter Railroad Company (Metro-North), State of Connecticut Department of Transportation (CDOT), Consolidated Rail Corporation (Conrail), and Providence and Worcester Railroad. The policy shall carry combined single limits for both coverages A and B of not less than $10 million per occurrence for losses arising out of bodily injury or death, and for damage to or destruction of railroad property. . . .

(Ex. F. Donovan Letter, dated August 4, 1997)

13.  In a second letter dated August 5, 1997, CDOT project manager Donovan confirmed the modification set forth in his August 4, 1997 letter, stating: "[T]he insurance requirements found at pages 21 to 23 of the general provisions of your contract are invalid. These pages are to be deleted from the contract and replaced with the new provisions that I provided in my like letter to you of August 4, 1997." (Ex. G. Donovan Letter, dated August 5, 1997)

14.  On October 10, 1997, David W. Jacobs, Metro-North's Senior Construction Engineer, advised Ducci that:

> This is to confirm on the above referenced project, Metro-North does not require that a separate railroad protective liability insurance policy be provided by Ducci. This is because that coverage is already provided by Amtrak. Therefore your existing policy number ZCV G1 76 29 53 0 may be canceled.

-5-