UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MICHAEL GARGANO                          CIVIL ACTION NO.: 3:00 CV 1477(EBB)

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY

VS.

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK and METRO-NORTH COMMUTER
RAILROAD COMPANY,
          Third Party Plaintiffs,
VS.

RAYTHEON INFRASTRUCTURE and DUCCI
ELECTRICAL CONTRACTORS, INC.

          Third Party Defendant,                          SEPTEMBER 17, 2004


## MEMORANDUM IN SUPPORT OF THIRD PARTY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

As a matter of law Ducci Electrical Contractors, Inc. ("Ducci") has complied with all

relevant and material terms of its contract with Metro-North and is immune from suit in

negligence by operation of Section 31-275, *et seq*., of the Connecticut General Statutes (the

Connecticut Workers Compensation Act). Accordingly, Ducci herewith moves for summary

judgment on all five counts of the Amended Third-Party Complaint, dated December 20, 2001.

## II.    STATEMENT OF FACTS AND PROCEDURAL HISTORY

On July 22, 1999, Michael Gargano ("Gargano") was injured while employed by Ducci

as a state licensed E-1 union electrician assigned to the New Haven Interlocking Reconfiguration

Project (the "project") at Union Station, New Haven, Connecticut. (Ex. A, Gargano Dep. Tr. at

122-126).[1]  At approximately 3:31 p.m. on July 22, 1999, Gargano was working on the "4/2

crossover" (a junction of two electrical cables serving railroad tracks 2 and 4). (Ex. A, Gargano

Dep. Tr. at 98-100, 110). When he first began working on the crossover, the electrical lines

serving both tracks 2 and 4 were de-energized. (Ex. A, Gargano Dep. Tr. at 110) Sometime

between 3:00 p.m. and 3:15 p.m., Ducci's foreman Phil Morse ("Morse") informed Gargano that

electrical service to track 2 would be restored. (Ex. A, Gargano Dep. Tr. at 107), requiring

Gargano to move to the still-de-energized track 4 side of the crossover (Ex. A, Gargano Dep. Tr.

---

[1]     Ducci has submitted herewith its Local Rule 56 (a)(1) Statement of the facts as to
which it contends there is no genuine issue to be tried. In the interest of conserving judicial
resources, Ducci herewith incorporates by reference the exhibits attached to its Local Rule 56
(a)(1) Statement, rather than reproducing them as additional attachments hereto.

at 109-110), where he moved and yet was nevertheless struck twice by successive jolts of 13,000 volt electric current. (Ex. A, Gargano Dep. Tr. at 122-127).

At the time of Gargano's injury, Ducci was under contract with the State of Connecticut Department of Transportation ("CDOT") to upgrade the catenary electrical system within that portion of the Union Station rail yard under Metro-North Commuter Rail Service's jurisdiction ("Metro-North territory"). (Ex. B, Contract between Ducci and CDOT, dated March 31, 1997 at 1; Ex. C, Ducci's Request for Admissions dated October 16, 2001, Request No. 10; Ex. D, Metro-North's Response to Ducci's Request for Admissions, Response No. 10). Accordingly, Metro-North claims status as a third party beneficiary of the CDOT/Ducci contract.

On June 30, 2000, Gargano sued Metro-North in negligence, alleging a breach of Metro-North's own published standard of care, published in pamphlet form under the title *MN-290 Electrical Operating Instructions* ("MN-290").[2] (Ex. K, MN-290). MN-290 sets forth rules of conduct for contractor employees (defined to include Gargano) and Class A linemen (exclusively Metro-North employees), whose duty it is to "protect" contractor employees working in Metro-North territory from injury. (Ex. K, MN-290 at 19-21). At the time of Gargano's injury, the

---

MN-290 was incorporated into the contract by express reference. *(See,* Ex. B, Contract between Ducci and CDOT, dated March 31, 1997, Addendum No. 2 at 15.)

-3-