Metro-North Class A lineman assigned to provide him protection (Richard DeChello) was not doing so. (Ex. M. DeChello Dep. Tr. at 71-72, 115). DeChello admitted that if he provided Gargano the Class A supervision that MN-290 mandated, Gargano's injury could have been prevented.[3] (Ex. M, DeChello Dep. Tr. at 192).

Set against this background Metro-North brought a third party action against Ducci on February 27, 2001. The third party complaint was subsequently amended on December 20, 2001,[4] and contains five counts, alleging (in the first three causes of action) breaches of contract arising from Ducci's: 1) failure to hold Metro-North harmless; 2) failure to secure railroad protective liability insurance in the name of Metro-North; and 3) failure to indemnify and procure insurance protecting Metro-North.[5] The fourth cause of action sounds in negligence;[6]

---

[3] DeChello testified that MN-290 had been modified by a written document essentially excusing him from providing the protection. (Ex. K, DeChello Dep. Tr. at 212-216). No such document has ever been produced, and is the subject of Ducci's May 12, 2004, pending Motion to Preclude.

[4] Metro-North also sued Raytheon, but ultimately withdrew this claim.

[5] The legal distinction between the first two causes of action and the third is uncertain. Pursuant to Fed.R.Civ.P. 12 (e), the defendant moved for a more definite statement (docket # 33) to develop the precise basis for the contractual claims, but this motion was defeated on the ground that the matter was properly the subject of discovery. To date, MetroNorth has not identified the contractual provisions on which any of the three breach of contract counts is based,

-4-

the fifth seeks contribution.

On August 3, 2001, Ducci filed its Answer and Affirmative Defenses, raising among other defenses the statutory bar to MetroNorth's claim in negligence set out in the Connecticut Workers Compensation Act, § 31-275, *et seq.*

## III.  LEGAL ARGUMENT

Because there is no genuine issue of fact material to the causes of action set out in the complaint that may properly be disputed, Ducci herewith moves for summary judgment pursuant

---

despite being served with written discovery designed to develop that information, and despite this court's (Fitzsimmons, USMDJ) June 27, 2003 order that Metro-North comply with Ducci's written discovery. Instead, it has referred Ducci to the full contract between Ducci and CDOT. (*See*, Ex. O, Metro-North's Response to Ducci's 2nd Set of Interrogatories and Production, Response to Interrogatory No. 6 at 7.) Such a response is improper under the federal rules. *See DiPietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992) (responding party may not refer to pleadings, depositions or other documents). At the very least, Metro-North was required to cite to the particular section of the contract between Ducci and CDOT. *See Roberson v. Great American Insurance Companies of N.Y.*, 48 F.R.D. 404, 409 (N.D. Ga. 1969) (responding party must cite to particular sections of EEOC report upon which allegations are based). (*See*, Ex. O, Metro-North's Response to Ducci's 2nd Set of Interrogatories and Production, Response to Interrogatory No. 6 at 7).

  6    Here again Metro-North has not identified the provisions at issue, as requested by written discovery intended to develop this information. (*See*, Ex. O, Metro-North's Response to Ducci's 2nd Set of Interrogatories and Production, Response to Interrogatory No. 4 at 5-6.)

-5-

to Rule 56 of the Federal Rules of Civil Procedure on all five counts of Metro-North's complaint.

Summary judgment is appropriate where the moving party demonstrates that there are no genuine issues as to any material fact and that the moving party is therefore entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48 (emphasis omitted). Whether a fact is material depends on the substantive law of the claim and "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248. To defeat summary judgment, the opposing party must present evidence sufficient to support a jury verdict in its favor. *Goenaga v. March of Dimes Birth Defect Found.*, 51 F.3d 14, 18 (2d Cir. 1995). The nonmoving party "may not rely on conclusory statements or on

---

Federal Rule of Civil Procedure 56 (b) provides: "A party against whom a claim, counterclaim, or cross-claim is asserted or declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof."

-6-