contentions that the affidavits supporting the motion are not credible." *Id.*

This court has diversity jurisdiction over this case under 28 U.S.C. § 1332. In diversity actions, federal courts generally apply the substantive law of the forum state. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *Thrift Drug, Inc. v. Universal Prescription Adm'rs*, 131 F.3d 95, 97 (2d Cir. 1997). Thus, the substantive law of Connecticut governs this motion.

### A.  Metro-North's Breach of Contract Claims (Counts I-III)

Metro-North has never identified the volume, article or page number of the contractual provisions at issue in the third-party complaint. This must follow from the fact that the contract either does not contain the obligation allegedly breached (in fact, the contract *does not* contain a hold harmless agreement despite the allegations of the first cause of action) or because Ducci has complied with the terms of the contract (by obtaining appropriate limits and categories of insurance declaring MetroNorth as an additional insured).

### 1.  Metro-North's First Cause of Action Fails As a Matter of Law Because the Contract Contains No Hold Harmless/Indemnification Obligation

In paragraph 21 of the first cause of action, Metro-North alleges that, "Under the terms of the Agreement, the Third-party Defendant, Ducci, agreed to and covenanted to hold the

-7-

Defendants/Third-Party Plaintiffs harmless, assume its defense and indemnify it from any and all claims and suits for personal injury or death whomsoever or whatsoever."

This summary allegation must be construed to set forth the claim that Ducci breached an express contractual obligation to hold Metro-North harmless and to indemnify it.[8] While there is no need for this court to "interpret" the contract at issue because no hold harmless language anywhere appears, the question of contractual interpretation is, under Connecticut substantive law, a matter for the Court:

> [T]o effectuate the intent of the parties, which is determined from the language used interpreted in the light of the situation of the parties and the circumstances connected with the transaction. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. . . .
>
> . . . .
>
> Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law.

---

[8] Because no such clause exists in the contract, Ducci does not raise - - at this time - - the obvious objection that the obligation, as stated, is far too broad to be conscionable: the parties could not reasonably be found to have agreed that Ducci would assume an obligation to hold Metro-North harmless to any person or thing regardless of that person's or thing's connection to or association with Ducci. Yet the allegation must be construed to make this claim.

-8-

*Goldberg v. Hartford Fire Ins. Co.*, 269 Conn. 550, 559-60 (2004) (citations omitted; internal quotation marks omitted).

Hold harmless and indemnification clauses require that "one party . . . answer for any specified or unspecified liability or harm that the other party might incur." Black's Law Dictionary (8th Ed. 2004). The contract at issue imposes no obligation that Ducci hold Metro-North harmless for Gargano's damages, or indeed to respond to the liability of Metro-North in any context. Nor does the contract require Ducci to defend Metro-North against any claims made against it. The only obligation imposed on Ducci with respect to Metro-North's potential liability is arguably contained within the insurance sections of the contract, at Article 1.03.07. Inasmuch as the failure to obtain adequate insurance coverage forms the gravamen of the second cause of action, the obligations imposed under Article 1.03.07, will be discussed in subpart 2, *infra*.

In short, Ducci is entitled to judgment as a matter of law on the first cause of action, because the contract imposes no contractual obligation on Ducci to hold Metro-North harmless or to assume its defense and indemnify it for Gargano's injuries.

2. **Metro-North's Second Cause of Action Fails As a Matter of Law Because Ducci Did Procure The Insurance Required Under the Contract**