to Ducci's obligations to maintain railroad protective liability insurance. Under the insurance provisions as thus modified, AMTRAK, rather than Ducci, was obligated to maintain such insurance in the amount of $10 million dollars. *Id.* (Ex. F, Donovan Letter, dated August 4, 1997).

The issue was of sufficient importance that letters clarifying it followed. Thus, in a second letter dated August 5, 1997, CDOT project manager Donovan confirmed the modification set forth in his August 4, 1997 letter, stating: "**[T]he insurance requirements found at pages 21 to 23 of the general provisions of your contract are invalid. These pages are to be deleted from the contract and replaced with the new provisions that I provided in my like letter to you of August 4, 1997.**" (Ex. G, Donovan Letter, dated August 5, 1997). Then, further confirming CDOT's instruction, David W. Jacobs, Senior Construction Engineer for Metro-North, advised Ducci's Project Superintendent, Steve Claar, on October 10, 1997, that:

> This is to confirm on the above referenced project, Metro-North does not require that a separate railroad protective liability insurance policy be provided by Ducci. This is because that coverage is already provided by Amtrak. Therefore your existing policy number ZCV G1 76 29 53 0 may be canceled.

(Ex. H, Jacobs Letter, dated October 10, 1997).

Following Metro-North's October 10, 1997, letter confirming CDOT's modification of

-13-

the insurance provisions of the contract, Ducci canceled the Railroad Protective Insurance that it had been carrying in compliance with the terms of the contract prior to modification and procured a general liability policy providing $25 million in coverage.[10] (*See*, Ex. E, Phelan Aff. ¶¶ 3-5; Ex. I, Certificate of Insurance; *see also* Ex. J, Phelan Letter, dated November 17, 1997).

Inasmuch as the modified Article 1.03.07, mandates that Ducci obtain only general liability insurance in the amount of $25 million and name Metro-North as an additional insured, which Ducci did, there is no genuine issue of material fact that Ducci did not breach the contract and so is entitled to judgment as a matter of law on the second cause of action.

3. **As a Mere Agglomeration of the First Two Causes of Action, Metro-North's Third Cause of Action Fails For the Reasons Articulated in the Two Preceding Subsections**

Metro-North alleges in its third cause of action that,

Upon information and belief, the Agreement provides in substance that Third-Party Defendant, Ducci, shall by its designated insurance carrier protect, defend, indemnify and save harmless Defendants/Third-Party Plaintiffs irrespective of any negligence on the part of the Defendants/Third Party Plaintiffs against any suit,

---

[10]    Question concerning the priority of coverage is the subject of a pending declaratory judgment action before Judge Eginton, captioned *National Surety v. Steadfast* 3:02CV976 (WWE). Ducci respectfully submits that the resolution of that action will properly address the issue of priority. The issue of priority of coverage is not properly the subject of this action, since the contract is silent as regards the issues of primary and secondary coverage.

-14-

damage, and expense howsoever caused arising out of any claimed injury arising out of the Third-Party Defendant Ducci's performance of the Agreement.

(Complaint, ¶ 37.)

In this same count, Metro-North further alleges that, "if the Third-Party Defendant, Ducci, failed to procure liability insurance policies in the name of the Defendants/Third-Party Plaintiffs, then the Third-Party Defendant, Ducci, breached said Agreement and failed to perform its duties and obligations in accordance with and under the terms of the said Agreement." Complaint, ¶ 39.

The allegations quoted above make evident that the third cause of action is no more than an agglomeration of the first two causes of action. Thus, as does the first, the third cause of action alleges that Ducci breached the contract by failing to defend, indemnify and hold Metro-North harmless. As noted in subpart 1., *supra*, the contract contains no obligation that Ducci hold Metro-North harmless, provide it a defense or indemnify it for the damages claimed in the case at bar.

Similarly, as in the second cause of action, the third cause of action (as framed in the allegations of paragraph 39), allege conditionally that *if* Ducci failed to procure (certain unspecified) liability insurance policies, then it has breached the contract. As shown in subpart

-15-