2., *supra*. Ducci procured and maintained in force all the insurance required by the contract, as modified by CDOT. (*See*, Ex. E, Phelan Aff. ¶¶ 3-5; Ex. I, Certificate of Insurance; *see also* Ex. J, Phelan Letter, dated November 17, 1997).

Indeed, the conditional language employed to frame the third cause of action is the only feature distinguishing it from the first and second causes of action. Yet the use of conditional language is suggestive (strongly, when viewed in light of Metro-North's inability to identify a precise contractual provision in either its pleadings or in compliance with written discovery served on it), that in fact there is no basis for the allegation that Ducci breached the contract.

Accordingly, summary judgment should enter on the third cause of action for the same reasons articulated in subparts 1. and 2., and separately for reason that the third cause of action is merely duplicative of the first two causes of action.

### B. Metro-North's Claim in Negligence is Barred by the Exclusivity Provisions of Connecticut's Workers Compensation Act

Apparently seeking to overcome the exclusive remedy bar of Connecticut's Workers Compensation Act, Metro-North alleges, in its fourth cause of action, that Ducci was primarily

-16-

negligent[11] for the harm suffered by its own employee and that an independent legal relationship existed at the time of Gargano's injury between itself and Ducci. Complaint, ¶ 42.[12]

> Connecticut General Statutes § 31-284 (a) provides in relevant part:
>
> An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment or on account of death resulting from personal injury so sustained . . . . All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees, or any representatives or dependents of such employees, arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter . . . .

---

[11] In the present motion, Ducci recognizes the question of Metro-North's independent breach of its own standard of care, acknowledged by Metro-North's employee, Richard DeChello, presents a jury question. Accordingly, Ducci does not raise the issue of Metro-North's negligence at this stage.

[12] The Defendants/Third-Party Plaintiffs deny any negligence, carelessness, or lack of due care with respect to the incident referred to in the complaint, but if a judgment is recovered against Defendants/Third-Party Plaintiffs, such liability will have been brought about by or caused by reason of the primary negligence, carelessness, and lack of due care of Third-Party Defendant, Ducci, without any negligence, carelessness, or lack of due care on the part of Defendants/Third-Party Plaintiffs. The Defendants/Third-Party Plaintiffs did not know of any negligence on the part of the Third-Party Defendant, Ducci, and could reasonably rely upon Ducci not to be negligent. Ducci was in control of the situation causing injury to the exclusion of the Defendants/Third-Party Plaintiffs. Further, there is an independent legal relationship between Ducci and the Defendants/Third-Party Plaintiffs. Complaint, ¶ 42.

-17-

Under the Act, quoted *supra*, allegations of primary negligence alone are insufficient to overcome the exclusivity provision of the Connecticut Workers' Compensation Act. *Ferryman v. Groton*, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). A limited exception to the statutory bar has been recognized only:

> [I]f the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, [then] recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, *or a contractor's obligation to perform his work with due care*. . . .

*Id.* at 145 (emphasis added) (internal quotation marks omitted).

Whether the *Ferryman* exception for "*a contractor's obligation to perform his work with due care*" is available is strictly determined by the language of the contract alleged to create the independent relationship giving rise to the claim under the exception. Thus, where a contractor has promised to fulfill his contractual obligations in a "workmanlike manner" (or the like), Connecticut's court's have affirmed that the strong public policy favoring the exclusive remedy of the Workers Compensation Act is not overcome by the exception set forth in *Ferryman*.

In fact, in order that a contract may operate to form the basis of the independent relationship sufficient for the *Ferryman* exception to apply, Connecticut courts have uniformly

-18-