United States District Court
District of Connecticut
FILED AT    NEW HAVEN

10/12

Kevin H Rowe, Clerk

By M. Ruocco
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------:
MICHAEL GARGANO AND ANDREA      : CIVIL ACTION NO. 3:00cv1477(EBB)
GARGANO,                        :
                                :
        PLAINTIFFS,             :
                                :
V.                              :
                                :
METRO-NORTH COMMUTER            :
RAILROAD COMPANY,               :
                                :
        DEFENDANT/              :
        THIRD-PARTY PLAINTIFF,  :
                                :
V.                              :
                                :
DUCCI ELECTRICAL CONTRACTORS,   :
INC.,                           :
                                :
        THIRD-PARTY DEFENDANT.  :
-------------------------------: OCTOBER 12, 2004
```

## JOINT TRIAL MEMORANDUM

**1.    TRIAL COUNSEL.**

**Plaintiffs:**   Steven J. Errante, Esq. and Eric P. Smith, Esq.
                  Lynch, Traub, Keefe & Errante, P.C.
                  52 Trumbull Street
                  New Haven, CT 06510
                  (203) 787-0275

**Defendant:**    Ronald E. Joseph, Esq.
                  Landman, Corsi, Ballaine & Ford
                  120 Broadway, 27th Floor
                  New York, NY 10271-0079
                  (212) 238-4800

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL GRAH CASE\TRIAL MEMORANDUM 10-8-04.DOC

◇ **Third-Party Defendant:**

David J. Crotta, Jr., Esq.
Mulvey, Oliver, Gould & Crotta
83 Trumbull Street
New Haven, CT 06511
(203) 624-5111

**2.     JURISDICTION.**

Diversity jurisdiction pursuant to 28 U.S.C. 1332.

**3.     JURY/NON-JURY.**

Jury.

**4.     NATURE OF THE CASE.**

**According to the plaintiffs and Ducci:**

Negligence of railroad employees resulting in serious and
permanent personal injuries and associated losses.

**According to the defendant:**

Alleged negligence of Metro-North Commuter Railroad

("Metro-North") and outside contractor Ducci Electrical

Contractors, Inc. ("Ducci"), along with the alleged

comparative negligence of plaintiff, Michael Gargano,

resulting in personal injuries and associated losses, and

◇ derivative claim for loss of spousal consortium.

- 2 -

W:\17500-17999\17539 GARGANO\001 MICHEL (BURN CASE)\TRIAL MEMORANDUM 10-5-04.DOC

**5a.**   **STIPULATIONS OF FACT.**

      a.    Michael and Andrea Gargano reside in Glastonbury, Connecticut.

      b.    Metro-North is a commuter railroad doing business in Connecticut.

      c.    Ducci is an electrical contractor doing business in Connecticut.

      d.    On July 22, 1999, Michael Gargano was an employee of Ducci.

      e.    On July 22, 1999, Michael Gargano was performing certain electrical subcontracting services on portions of a railroad electrification system located in New Haven as part of a railroad reconfiguration project known as the New Haven Interlocking Reconfiguration Project in the course of his employment relationship with Ducci.

**5b.**   **STIPULATIONS OF LAW.**

    The parties have not entered into stipulations of law at this time.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17535-17999\17538-GARGANO\001 MICHAEL (BURN CASE)\TRIAL MEMORANDUM 10-8-04.DOC

## 6.  PLAINTIFFS' CONTENTIONS.

Michael Gargano was working for Ducci Electrical
Contractors ("Ducci") on July 22, 1999 performing certain
electrical subcontracting services on portions of a railroad
electrification system located in New Haven as part of a
railroad reconfiguration project known as the New Haven
Interlocking Reconfiguration Project.  Shortly after 3:30 p.m.,
while Mr. Gargano was working in the basket (bucket) of a
"manlift" vehicle set upon Track 4 in the vicinity of Catenary
Structure 1098, he came into contact with an energized portion
of the overhead catenary electrification system known as the "4-
2 crossover."  Almost immediately thereafter, a circuit breaker
opened, thereby de-energizing the circuit containing the "4-2
crossover."  Approximately ten seconds later, the circuit
containing the "4-2 crossover" was re-closed, thereby re-
energizing the "4-2 crossover" as Mr. Gargano remained in
contact with it.  This second electrification ignited Michael
Gargano's clothing and resulted in most of his permanent
injuries.

The plaintiffs' injuries and losses were proximately caused by the negligence of Metro-North's employees in that: (1) two Class A Linemen and one Conductor/Flagman failed to observe and protect Michael Gargano in violation of Metro-North's written procedures and common law standards of reasonableness and foreseeability, and (2) a Power Director at Grand Central Station failed to investigate the circumstances of the "tripped" circuit breaker before re-closing, and thus re-energizing, the circuit containing the "4-2 crossover" in violation of Metro-North's procedures and common law standards of reasonableness and foreseeability.

## 7.    DEFENDANT'S CONTENTIONS.

Metro-North properly followed its grounding and electrical clearance procedures and, therefore, plaintiff's own negligence and the negligence of Ducci was the proximate cause of the accident.   Plaintiff negligently attempted to work on the Track 2 side of the "4-2 crossover" despite his knowledge that it was energized.   Ducci failed to comply with its obligations to provide qualified linemen and failed to comply with the applicable established procedures.   Moreover, Metro-North is: 1)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17800-17999\17820 GARGANO\001 MICHAEL (BUR\ CASE\TRIAL MEMORANDUM 10-8-04 EOC

entitled to contractual and common law indemnification based on;

(a) Ducci's breach of the indemnification and hold harmless

agreement in its subcontract with Metro-North; (b) Ducci's

failure to procure appropriate general liability coverage; and

(c) failure to obtain "additional insured" coverage for Metro-

North; and 2) Metro-North's claims in negligence and

contribution are not precluded by Workers' Compensation Act,

Connecticut General Statutes § 31-284(a).

## 7a.   **THIRD-PARTY DEFENDANT'S (DUCCI'S) CONTENTIONS.**

Ducci has no contractual obligation to defend or indemnify

Metro-North against the claims raised in the complaint; it

fulfilled its contractual obligations to procure general

liability coverage naming Metro-North as an additional insured,

it is immune from suit in negligence by operation of Section 31-

275 *et seq.* of the General Statutes; the proximate cause of

Gargano's injuries is Metro-North's failure to follow its own

standard of care; contribution is barred by operation of Section

31-275 *et seq.* of the General Statutes.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W\17500-17999\17539 GARGANO\001 MICHAEL (EVAN CARE)\TRIAL MEMORANDUM 10-5-04.DOC

8. **LEGAL ISSUES.**

   a.   Whether the defendant's Third-Party Complaint against
        Ducci states a claim upon which relief may be granted.

   b.   Whether the defendant's Third-Party Complaint should
        be bifurcated from the plaintiffs' underlying action.

   c.   Whether the plaintiffs' May 4, 2004 Motion to Preclude
        should be granted.

   d.   Whether Ducci's Motion to Bifurcate should be granted.

   e.   Whether Ducci's Motion to Preclude should be granted.

   f.   Whether Ducci's Motion for Summary Judgment should be
        granted.

9. **PROPOSED VOIR DIRE QUESTIONS.**

**By the plaintiffs:**

   a.   Do you know anyone who is employed by a railroad,
        including Metro-North?  Please supply details.

   b.   Do you have any special knowledge about railroad
        operations, practices or protocol?  Please explain.

   c.   Do you know anyone who is employed as an electrician
        or by an electrical contracting business?  Please
        supply details.

   d.   Do you have any special knowledge about high voltage
        electricity or electricity distribution systems?
        Please supply details.

- 7 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06508-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

    e.    Are you a member of a labor union?  What union?

    f.    Do you have close friends or family members who are members of a labor union?  What union?

    g.    Do you have any feelings, good or bad, about lawsuits involving claims for damages associated with personal injuries?  Please explain.

    h.    Do you oppose, or have any disagreement with, the concept of compensating injured victims with money damages?  Please explain.

    i.    Do you have any feelings, good or bad, about the civil justice system?  Please explain.

**By the defendant:**

1. Do any of you know the witnesses in this case, (Read witness list).  Do you know anyone who works for Metro-North?

2. Do any of you know anyone who has ever been represented by the plaintiffs' attorneys, Lynch, Traub, Keefe and Errante, P.C.?  How about Ducci's attorney David J. Crotta, Jr.? How about Metro-North's attorney Ronald E. Joseph?

3. Plaintiff in this action was treated by plastic surgeons, a hand therapist and a psychiatrist. Have any of you been treated by a plastic surgeon or hand therapist? For what condition?  If any of you has been treated by a psychiatrist, please indicate to me at the end of this question that you would like to discuss something in private.

4. Have any of you or any member of your family or close friends been involved in any way with Metro-North?  Do any of you have any bad or negative feelings against Metro-North?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

5. Throughout this trial, plaintiff will always get to do
   things first.  The defendant cannot proceed until the
   plaintiff has finished.  Will each of you wait until you
   have heard all the evidence before you make up your minds
   about any issue?

6. Will you give equal weight to answers given during
   defendant's questioning of plaintiffs and plaintiffs'
   witnesses as to evidence obtained by plaintiffs' attorneys
   from their witnesses?

7. Will you be able to follow the laws as instructed by me in
   this case?

8. Plaintiffs are suing the railroad because of an injury
   which Mr. Gargano alleges he suffered while he was working
   as an outside contractor which was performing work for
   Metro-North. Do any of you feel that Mr. Gargano and Mrs.
   Gargano should recover money from Metro-North solely
   because he was injured even if Metro-North was not
   responsible for the injury?

9. Would you be able to find that Mr. Gargano should not be
   compensated if the law as instructed to you and the facts
   before you required that you make such a finding?

10. If any of you cannot in good conscience promise that you
    have no doubts that you will treat all sides fairly and
    equally, please raise your hand.

11. As our judicial system requires, can you treat Metro-North,
    as an individual with an equal right to a fair trial as any
    other individual?

12. Have any of you had any legal training?  Have any of you
    ever served on a jury before?  If so, what type of case was
    it?  Did you reach a verdict?  Was the experience of
    serving as a juror pleasant or unpleasant?

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17839 GARGANO\001 MICHAEL GARGANO\TRIAL MEMORANDUM 10-8-04.DOC

13. Will you apply the laws as instructed by me in this case rather than any prior understanding that you may have had as to what the law is?

14. Do each of you understand that it is solely the evidence, not the number of witnesses called by each side, or the amount of time taken by either side to present its case, on which you must base your decision?

15. Is there anything in your mind that you feel I, or either side should know that would affect your ability to fairly and impartially decide this case on the merits?

16. Where do you work?  For how long?  (If less than 10 years - what did you do before that?)

17. What is your present position?

18. What are your job duties?

19. Are you married?  For how long?  Children?

20. Where does your spouse work?  For how long?  Children work? Where?  How long?

21. What are your spouse's employment duties?

22. Do you understand that in order to award damages to the plaintiffs against Metro-North, plaintiff must prove first that Metro-North is liable to him?  Do any of you not understand or disagree with the legal principle that plaintiff has the burden of proving his claims against the defendant in this case.

23. Do you understand that plaintiff must also prove that he has suffered damages due to Metro-North's conduct, before you may award damages to the plaintiffs?

24. Do you feel you can give all sides a fair and impartial trial and render a just verdict among them.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W117900-17699\17839\040\KV04D1 MICHAEL GURIn CASE\TRIAL MEMORANDUM 10-8-04.DOC

**By the third-party defendant:**

1. Are you, or do you know anyone, who is employed as an insurance agent, adjuster, broker or underwriter? Please explain.

2. Are you, or do you know anyone, who is employed in contract drafting, interpretation or administration? Please explain.

3. Have you, or has anyone you know, ever been injured in an electrical accident? Please explain.

4. Have you, or has anyone you know, ever been injured in a fire? Please explain.

5. Have you, or has anyone you know, ever made claim for worker's compensation benefits? Please explain.

6. Will you leave sympathy for one party or another completely out of your considerations?

7. Will you listen to the evidence offered by all parties to the case before reaching a conclusion about your verdict?

8. Will you apply the court's instructions on the law as given, despite any personal reservations about the law that you may have?

9. Do you have any opinions or beliefs that would cause you to favor either a plaintiff or defendant by reason of their party status? Explain.

10. Do you have any beliefs or opinions concerning employers or corporations that would cause you to favor or disfavor such a party, by reason of that status? Please explain.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17699\17539 GHIGIANO\001 MICHAEL GRAY CASE\FINAL MEMORANDUM 10-8-04.DOC

## 10.   **LIST OF WITNESSES.**

**By the plaintiffs:**

    a.   Robert Prentice, Jr. (current or former employee of defendant)

    b.   Richard DeChello (current or former employee of defendant)

    c.   Michael DiMinno (current or former employee of defendant)

    d.   Ed Russell (current or former employee of defendant)

    e.   Philip Morse (former employee of Ducci)

    f.   Robert Halstead (plaintiffs' liability expert)

    g.   Richard Garvey, M.D. (plaintiff's treating physician)

    h.   Charles Castiglione, M.D. (plaintiff's treating physician)

    i.   Hand Therapy Associates (plaintiff's health care provider)

    j.   Michael Gargano (plaintiff)

    k.   Andrea Gargano (plaintiff)

    l-n. The plaintiffs will call other of Mr. Gargano's health care providers.

    o.   Any witnesses listed or called by the defendant.

**By the defendant:**

  a. All witnesses listed by plaintiffs.

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET   P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17550-17999\17539 GARGANO\001 MICHAEL (BURN DAM)\TRIAL MEMORANDUM 10-5-04.DOC

   b. All witnesses listed by third-party defendant Ducci.

   c. James Gillies (Metro-North Director of Power Systems)

   d. Patric Marchito (Metro-North Manager Power Dept. Training
      Procedures)

   e. John Cicia (Raytheon Inspector)

   f. Frederick J. Kelly (Raytheon)

   g. Raymond Cox (Raytheon)

   h. Michael Stoehrer (MTA Police Officer)

   i. Frederick Chidester (Metro-North Trainmaster)

   j. T.J. Maroselli (Metro-North employee)

   k. Frank Torre (Metro-North Asst. Chief Engineer, Power)

   l. Detective Benson (New Haven Police Dept.)

**By the third-party defendant:**

   a. Steve Claar (current employee of Ducci)

   b. Robert Phelan (the Litchfield Insurance Group, Ducci
      insurance broker)

   c. Phil Morse (former Ducci employee, likely by deposition,
      owing to health)

   d. Thomas Carew (current Ducci employee)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

## 11.  **EXHIBITS.**

**By the plaintiffs:**

a.   AMR records

b.   Yale New Haven Hospital records

c.   AMR records (to Bridgeport)

d.   Bridgeport Hospital records

e.   Bridgeport Radiology records

f.   Bridgeport Anesthesia Associates records

g.   Richard Garvey, M.D. records

h.   Mill Hill Medical Consultant records

i.   Hartford Orthopaedic Plastic
     and Hand Surgery records

j.   Connecticut Combined Hand Therapy
     records

k.   John Mullaney, M.D. records

l.   Cyrus Chess, M.D. records

m.   Charles Castiglione, M.D. records

n.   Faulkner Physical Therapy records

o.   John O'Brien, M.D. records

p.   Hartford Neurology records

q.   Comprehensive Neuropsychological Services

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W:\17500-17999\17939 G\PLEADING\001 Michael Burn case\TRIAL MEMORANDUM 10-8-04.DOC

records

r.    Hand Therapy Associates records

s.    John Schulz, M.D. records

t.    Hartford Hospital records

u.    Hartford Anesthesiology records

v.    medical bills from all health care providers

w.    Gargano tax returns, state and federal, 1998 to 2003

x.    Gargano pay stubs (selected) from 1999

y1-y30.    photographs of Michael Gargano following incident

z.    day-in-the-life video, October 1999

aa1-aa30. photographs of the scene: New Haven Interlocking

bb.    MN-290

cc.    MN-400

dd.    various "wire run drawings"
ee.    "punch list" of Gargano/Ducci (7/22/99)

ff.    various "sectionalized drawings"

gg.    various Metro-North "bulletin orders" (Power Dept.)

hh1-hh30. photographs depicting the area of the New Haven
            Interlocking

ii1-ii30. photographs depicting railroad and electrical
            equipment and the subject manlift

jj        MP-260 (#3534)

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W\17500-17999\17839 GARGANO\001 Michael (Burn case)\TRIAL MEMORANDUM 10-8-04.DOC

kk       MP-260 (#3542)

ll       MP-84 (#3534)

mm     MP-84 (#3542)

nn     MP-260 (#3531)

oo     demonstrative aids prepared by Robert Halstead

**By the defendant:**

1. All exhibits listed by plaintiff.

2. All exhibits listed by third-party defendant Ducci.

3. Connecticut Dept. of Transportation Rail Operations Incident Report No. 99-02.

4. MTA District 5 Northern Region Police Activity Log

5. F. Chidester Memo to S.L. Herrington re 7/22/99 Incident

6. F. Chidester Memo to S.L. Herrington re 7/22/99 Incident-Contractor Employee

7. T.J. Maroselli Memo to F. Torre re Injury to Ducci Line Worker Mike Gargano w/attached statements of R. Prentice and R. DeChello

8. Metro-North Power Director's Clearance Records, Form MP-84

9. Metro-North Employee Clearance Forms, MP-260

10. Metro-North Power Dept. New Haven Line, Daily Logs

11. Metro-North Sectionalizing Maps re New Haven Interlocking Project

- 16 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.  ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612  NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275  FACSIMILE (203) 782-0278

12. Metro-North Power dept. Bulletin Orders re New Haven
    Interlocking Project

13. MN-290 Orientation for Contract Lineman

14. Metro-North Roadway Worker Procedures for Conductor/Flags
    and Contract Employees Working on Metro-North Property

15. Ducci Employee Clearance Form

16. Ducci Electrical Contractors Inc. Working on Railroad
    Safety Plan

17. Ducci Daily Reports and "Punchlists" for New Haven
    Interlocking Project

18. Letter of Gary Chestone, Ducci Executive VP, to David
    DiStasio, dated May 6, 1998.

19. Letter of David DiStasio, Metro-North Manager Field
    Operations, to Gary Chestone, dated May 14, 1998.

20. Declarations page re Cigna Umbrella Liability Policy

**By the third-party defendant:**

A. MN-290
B. Ducci Site Grounding Procedures
C. CDOT Contract with Ducci
D. Firemen's Fund Insurance Policy, with declarations pages
E. ACE Insurance Policy
F. Donovan Letter dated 8/4/97
G. Donovan Letter dated 8/5/97
H. Jacobs Letter dated 10/10/97
I. Phelan Letter dated 11/17/97
J. Metro-North's Responses to Requests to Admit dated 10/16/01
K. Metro-North's responses to disclosure
L. OSHA Investigation Report, dated 7/23/99

- 17 -

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

W\17900-17999\17939 GARGANO\001 MICHAEL BEAN CHAO\TRIAL MEMORANDUM 10-5-94.DOC

**12.   DEPOSITION TESTIMONY.**

Unknown at this time.

**13.   REQUEST FOR JURY INSTRUCTIONS.**

**By the plaintiffs:**

1.   burden of proof
2.   negligence
2.   proximate cause
3.   inferences and circumstantial evidence
4.   credibility of witnesses
5.   damages (economic and non-economic)
6.   loss of spousal consortium

NOTE:  Complete requests to charge – to be supplied.

**By the defendant:**

1. Expert Witnesses

2. Ordinary Care

3. Burden of Proof – Plaintiff Damages
4. Damages – Duty of Plaintiff – Mitigation

5. Contributory Negligence – Plaintiff

6. No Duty to Call All Witnesses

7. Equality of Litigants – Individuals and Corporations

**By the third-party defendant:**

1. Charge re: tax liability on lost wages

2. Discount to Present Value

3. Role of Sympathy

LYNCH, TRAUB, KEEFE AND ERRANTE, P. C.   ATTORNEYS AT LAW
52 TRUMBULL STREET  P.O. BOX 1612   NEW HAVEN, CONNECTICUT 06506-1612
TELEPHONE (203) 787-0275   FACSIMILE (203) 782-0278

4. Arguments on Damages Not Evidence

## 14. ANTICIPATED EVIDENTIARY PROBLEMS.

Unknown at this time.  However, the plaintiffs and the third-party defendant filed motions seeking to preclude certain evidence in May 2004.

## 15. PROPOSED FINDINGS AND CONCLUSIONS.

Not applicable (this is a jury trial)

## 16. TRIAL TIME

8 to 10 trial days.

## 17. FURTHER PROCEEDINGS.

## 18. ELECTION FOR TRIAL BY MAGISTRATE.

The parties do NOT elect a trial by a United States Magistrate.

- 19 -

W:\17500-17999\17839 OHIGANO\031 MICHAEL QUIN CASE\TRIAL MEMORANDUM 10-8-04.DOC

Respectfully submitted,

THE PLAINTIFFS,

BY: _____
    STEVEN J. ERRANTE, ESQ.
    ERIC P. SMITH, ESQ.
    Lynch, Traub, Keefe & Errante
    203-787-0275


THE DEFENDANT,

BY: _____
    RONALD E. JOSEPH, Esq.
    Landman, Corsi, Ballaine & Ford
    120 Broadway, 27th Floor
    New York, NY 10271-0079
    (212) 238-4800


THE THIRD-PARTY DEFENDANT,

BY: _____
    DAVID J. CROTTA, JR., ESQ.
    Mulvey, Oliver, Gould & Crotta
    83 Trumbull Street
    New Haven, CT 06511
    (203) 624-5111


- 20 -